

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,491-02

### EX PARTE TRACY LEE THORN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR31220-B IN THE 75TH DISTRICT COURT FROM LIBERTY COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to aggravated assault and was sentenced by a jury to twenty years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Thorn v. State*, No. 09-15-00340-CR (Tex. App. — Beaumont, April 20, 2016) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

for various reasons. Applicant alleges that trial counsel failed to adequately advise him of the nature and consequences of his plea. Specifically, Applicant alleges that trial counsel failed to advise him of the parole consequences of an affirmative deadly weapon finding. Applicant alleges that trial counsel erroneously advised Applicant to plead guilty, knowing that he "would testify to facts evidencing his actual innocence," and allowed Applicant to stipulate to committing the offense as a primary actor, rather than as a party. Applicant alleges that trial counsel failed to object when the prosecutor's closing arguments at guilt/innocence contradicted the trial court's instructions. He alleges that trial counsel made statements against his interest during closing arguments at punishment, and failed to object when the prosecutor introduced facts not in evidence during punishment arguments. Applicant also alleges that trial counsel failed to object when the trial court entered an affirmative deadly weapon finding without submitting the issue to the jury in the form of a special issue.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of all relevant documents, including any written plea papers, admonishments, stipulations, and judicial confessions. The trial counsel shall also supplement the habeas record with a transcript of the trial and punishment proceedings. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: September 26, 2018
Do not publish